Argued June 3, affirmed July 13, 1920.

## Ex Parte DOUROS.

## DOUROS v. HURLBURT, Sheriff.

(191 Pac. 319.)

**Habeas Corpus—Petitioner has Burden of Proving Want of Jurisdiction of Committing Magistrate.**

1. In proceedings for *habeas corpus* against a sheriff who held petitioner in custody under a commitment by a justice of the peace, it will be presumed that the appointment of the justice was regular, and that he was acting in the lawful exercise of his jurisdiction, and it devolved upon the petitioner to allege and prove that the justice was not in fact such, and had no authority to make the commitment, in view of Sections 799, 3164, 3436, L. O. L.

**Habeas Corpus—Committing Justice Held De Facto Officer Under Facts.**

2. In a *habeas corpus* proceeding, where the jurisdiction of the justice of the peace committing petitioner was attacked, facts *held* to show that he was a justice of the peace at least *de facto*.

From Multnomah: Robert G. Morrow, Judge.

Department 2.

The plaintiff filed a petition for a writ of *habeas corpus,* claiming that he is unlawfully detained, imprisoned, and restrained of his liberty by the defendant as sheriff of Multnomah County; that John Philip pretends and assumes to be a justice of the peace in and for District No. 6 of Columbia County; that he is not, and never was, a resident of that district,

but is a resident of District No. 2, registered and voting therein; that Philip is not, and cannot be or act as, a justice of the peace for District No. 6; and that all acts or things done by him in that capacity are without jurisdiction or authority of law. On November 8, 1918, on a warrant issued by Philip as justice of the peace, the petitioner was arrested by the sheriff of Columbia County and imprisoned in the county jail. He states that the justice of the peace advised him that he would accept a $500 cash bail or a bond for $1,000.00; that the plaintiff is a Greek, does not understand the English language or know the meaning of or the procedure of courts of justice; that he believed that there was an examination concerning his bail; that he did not have any attorney; and that on the night of November 9th he was taken before the justice of the peace, and without any trial or examination, was returned to the county jail at St. Helens, where he was imprisoned until November 15th, when he was removed to the county jail of Multnomah County, where he is now restrained by the defendant.

The defendant made a return to the writ which was issued, from which it appears that the defendant was charged with the crime of selling intoxicating liquor and pleaded guilty; that he was sentenced to jail for 60 days and fined $500; that in default of payment of the fine he was ordered to be confined one day in jail for each $2 thereof; and that this judgment was rendered and signed by John Philip, justice of the peace for the sixth district of Columbia County.

On November 26, 1918, a trial was had in the Circuit Court on the petition and return, in which it was stipulated by the attorneys that the writ which was issued might stand as the plaintiff's reply to the

return, and that the matters and things stated in the petition and reply should be deemed denied by the defendant. This was for the purpose of expediting the hearing and to obviate the necessity of the plaintiff's filing a written reply. Testimony was taken, and at the conclusion of the trial the court rendered judgment dismissing the writ, and remanding the petitioner to the custody of the sheriff of Multnomah County. On the following day the plaintiff filed a formal reply, in which he sought to raise and plead other and different defenses from those upon which the case was tried. Plaintiff appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John Ditchburn.*

For respondent there was a brief and an oral argument by *Mr. Glen R. Metsker.*

JOHNS, J.—The only question upon which the court below tried the case was whether or not John Philip was a justice of the peace and clothed with the powers and duties of that office.

Section 799, L. O. L., provides for certain disputable presumptions, which may be controverted by other evidence, and (subd. 14) "That a person acting in a public office was regularly appointed to it." (Subd. 15) "That official duty has been regularly performed." (Subd. 16) "That a court, or judge acting as such, either in this state or any other state or county, was acting in the lawful exercise of his jurisdiction."

Section 3164, L. O. L., provides:

"It shall be the duty of the County Court in the several counties of the state, at any regular term, whenever the court shall deem it necessary, to set

off and establish or modify the boundaries of justice of the peace and constable districts within the county.''

This section further provides that it shall not apply to cities having 100,000, or more, population.

Section 3436, L. O. L., enacts that:

''When at any time there shall be in either of the offices of county clerk, sheriff, coroner, or any county or precinct office, no officer duly authorized to execute the duties thereof, some suitable person may be appointed by the County Court to perform the duties of either of said offices.''

It appears from the record that on January 8, 1916, the County Court of Columbia County duly made and entered an order establishing justice of the peace District No. 6, which includes voting precincts 1 and 3 as then existing, together with lots 1, 2, 3 and 4, in Block 59 in the City of St. Helens, and at the same time and by the same order appointed John Philip justice of the peace of the newly organized district. Mr. Philip promptly filed his certificate of appointment and oath of office with the county clerk. At that time he was residing on the said lots in Block 59, which were included within District No. 6, as the boundaries thereof were defined by the order of the County Court on January 8, 1916, and Philip had been a resident on such lots more than six months prior to his appointment.

It further appears that after filing his oath of office Philip has continuously performed the duties of the office, and has been in the exclusive possession of its docket, files and records, and that his right to the office was never previously questioned.

1. Under Section 3164, L. O. L., when deemed necessary, it was the duty of the County Court to set off, establish, or modify the boundaries of justice

of the peace and constable districts within the county. It was under that provision that the boundaries of District No. 6 were enlarged and defined, of which Philip was appointed justice of the peace. The law presumes that his appointment is regular, and that he was acting in the lawful exercise of his jurisdiction, and, the defendant having shown that he held the plaintiff under a commitment from Philip, as justice of the peace of Columbia County, it devolved upon the plaintiff to allege and prove that Philip was not a justice of the peace, and had no authority to make the commitment, and that the order was void.

Upon these questions there is a failure of proof. There is no evidence whatever to overcome the statutory legal presumptions. The testimony is undisputed that the plaintiff knew and understood the English language; that there was a compliance with all of the legal formalities; that the charge was read to him, and that he was advised of his legal rights; that he stated that he was guilty and did not want an attorney, and that he pleaded guilty. Based upon that plea sentence was pronounced, and he was committed.

2. Assuming that Philip was not a justice of the peace *de jure,* the record is conclusive that he was *de facto.* The distinction is clearly defined in *Hamlin* v. *Kassafer,* 15 Or. 456 (15 Pac. 778, 3 Am. St. Rep. 176), where it is said:

"An office is the right to exercise a public function or employment, and to take the fees and emoluments belonging to it. From its inherent nature, no less than from reasons of public policy, there cannot be two persons in the possession of an office at the same time.

"To constitute a person an officer *de facto* he must be in the actual possession of the office, and in the exercise of its functions, and in the discharge of its

duties, and when this is the fact, necessarily, there can be no other incumbent of the office. An officer *de facto* is one who has the lawful right to the office, but who has either been ousted from or never actually taken possession of the office.

"The mere claim to be a public officer is not enough to constitute one an officer *de facto*. There must be some color to the claim of right to the office, or without such color a performance of official duties, with the acquiescence of the public for such a length of time as to raise a presumption of colorable right."

Ruling Case Law, Volume 12, page 1203, says:

"It is generally held, however, that this rule has no application to the case of *de facto* judges, and that a person convicted by a judge *de facto,* acting under color of office, although not *de jure,* and detained in custody in pursuance of his sentence, cannot be properly discharged upon *habeas corpus.*"

The questions sought to be raised in plaintiff's reply could not be litigated in a *habeas corpus* proceeding. It appears from the record that the plaintiff was arrested, pleaded guilty and was sentenced in Columbia County, and that he is now confined in the county jail of Multnomah County.

Section 1595, L. O. L., provides:

"Whenever it shall appear to the court, at the time of giving judgment of imprisonment in the county jail, that there is no sufficient jail in the proper county suitable for the safe confinement of the defendant, the court may order the judgment to be executed in the jail of any county in the state, and the expense thereof shall be refunded to such county by the county in which the defendant should have been imprisoned."

And Section 1596, L. O. L., provides:

"Except as provided in the last section, a judgment of imprisonment in the county jail must be executed by confinement in the jail of the county where the

judgment is given, unless where the place of trial has been changed, in which case the confinement must take place in the jail of the county where the action was commenced."

There is nothing in the return of defendant which shows why plaintiff is now in the custody of the sheriff of Multnomah County. It is very apparent that this was an oversight, but it makes no difference to the petitioner whether he be confined in the Multnomah County Jail or the jail of Columbia County.

Ten days will be allowed within which Philip, as justice of the peace, may issue the certificate to the defendant, provided for in Section 1595 above quoted, and for failure to issue such certificate the plaintiff will be remanded to the custody of the sheriff of Columbia County.

Judgment affirmed.                    AFFIRMED.

BEAN, BENNETT and BENSON, JJ., concur.